UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY URSO, | ) | CASE NO. 4:12 CV1261 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Anthony Urso filed the above-captioned petition for writ of habeas corpus pursuant 28 U.S.C. §2241 (ECF No. 1). Urso, who is incarcerated in the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton Warden Robert Farley as Respondent. He asserts the Bureau of Prisons (BOP) is relying on inaccurate information to establish his Public Safety Factor (PSF). For the reasons set forth below, the Petition is denied.

*Background*

Urso provides very few details regarding his criminal conviction in federal court. Supporting documents suggest he pleaded guilty plea to violating 18 U.S.C. §§ 894(a)(1), 1951(a), 1955, 1959(a)(1) and (a)(5) and 1962(a) in the United States District Court for the Eastern District of New York in Case No. 03-cr-1382. The BOP website indicates he is scheduled for release from prison on December 5, 2021. *See* http://www.bop.gov/iloc2/

In March 2011, Urso submitted a Request for Administrative Remedy to a staff member

at F.C.I. Elkton. Seeking to qualify for transfer to a federal prison camp, Urso requested a waiver of his "Greatest Severity" PSF. He believed he met all the remaining relevant criteria. Urso's request was denied based, in part, on a review of his Pre-sentence Investigation Report (PSI). Prison staff responded that Urso's PSI revealed he was an integral part of the Bonnano family, wherein he acted as a captain and consiglieri. As such, F.C.I. Elkton determined a "Greatest Severity" PSF was appropriate.

Urso filed administrative appeals to the warden and Regional Director in April 2011 and May 2011, respectively, arguing the PSI incorrectly identified him as the "acting boss." He claimed "newly discovered" court transcripts prove he was not the acting boss. Urso stated further that he was in the process of having the PSI report amended to reflect this correction. Both appeals were denied. On July 23, 2011 Urso filed a final administrative appeal to Harrell Watts, National Inmate Appeals Administrator.

In a letter to United States District Court Judge Nicholas G. Garaufis of the Eastern District of New York, dated August 17, 2011, Urso advised that "recent testimony . . . given by Mr. Massino . . . is in direct conflict with information contained within my Pre-Sentence Report." (Letter from Urso to Garaufis of 8/17/11, at 1.) Urso asked Judge Garaufis to order an amendment to his PSI to reflect Massino's testimony that he was not "the acting boss or underboss but merely a captain." *Id*. Judge Garaufis responded to Urso in a letter dated August 26, 2011, advising him that his request should be addressed to his attorney and the United States Attorney's Office for the Eastern District of New York.[1] (Letter from Garaufis to Urso of

---

[1]The letter indicates Urso was referring to testimony Joseph Massino was providing in a case pending before Judge Garaufis in 2011.

8/26/11.) Although Judge Garaufis forwarded Urso's letter to both parties, he advised Urso to contact these attorneys to "make an application or take any further steps to address this matter that they deem appropriate." *Id.*

On February 29, 2012, Watts denied Urso's request. Citing BOP Program Statement(PS), *Inmate Security Designation and Custody Classification Manual*, No. 5100.08, he described the PSF as "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." (Pet. Atth. at 6.) Watts advised Urso that F.C.I. Elkton staff reviewed his case file and determined a Greatest Severity PSF was justified.

*Discussion*

Urso asserts the PSI is incorrect and his role was not as significant as the report indicates. Moreover, he avers he meets all relevant criteria to qualify for transfer to a minimum security facility; namely, he has less than 10 years remaining on his sentence of 240 months and he does not believe his offense involves a crime of violence. Urso notes further that this is his first offense and that he was 67 years old at the time of his arrest. Since his imprisonment 7 years ago, Urso adds he has been a model prisoner, never received an incident report and that his work record is without blemish.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or

person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Urso has not met his burden.

### *28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 addresses any prisoner's claim that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes claims seeking to challenge the execution or manner in which the sentence is served. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

The writ of habeas corpus is directed "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. While this Court has personal jurisdiction over Urso's custodian, the warden at F.C.I. Elkton, he is not entitled to habeas relief from this Court.

### *Prison Classification*

After a district court sentences a federal offender, it is the Attorney General, through the BOP, who has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). This delegation provides the

-4-

BOP full and broad discretion to classify prisoners under 18 U.S.C. § 4081. Because the control and management of federal prisons lies within the sound discretion of the BOP, judicial review will be granted only upon a showing that prison officials have exercised their discretionary powers in such a manner as to constitute "clear abuse or caprice." *Daughtery v. Harris*, 476 F.2d 292 (10th Cir. 1973), *cert. denied*, 414 U.S. 872 (1973).

Urso challenges his classification based upon what he believes are unsupported allegations in his PSI report. Nothing in his Petition supports this theory, however.

As a threshold matter, inmates generally have no due process liberty interest in how they are classified. *See e.g. Moody v. Daggett*, 429 U.S. 78, 88 n. 9(1976) ("Congress has given federal prison officials full discretion to control these conditions of confinement, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (due process does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner, but rather those changes that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); *Ali v. Gibson*, 631 F.2d 1126 (3d Cir.1980) (inmates have no liberty interest in being incarcerated at a particular prison) (citing *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976)). Therefore, prisoners cannot claim any liberty interest was at stake if they believe their classification was determined without due process.

With regard to the accuracy of Urso's PSI report, no BOP response to his administrative appeals described him as an "acting boss." Instead, F.C.I. Elkton staff described him as a "captain and consiglieri" based on the information provided in his PSI report. In his letter to

Judge Garaufis attached to his Petition before this Court, Urso conceded his role as a captain. Therefore, there is no indication the BOP's reliance on the PSI report was based on an inaccurate record.

Finally, Watts explained that the BOP would continue to review and monitor Urso's case during regularly scheduled reviews. Because a PSF is determined by a number of factors, the BOP's response suggests circumstances (i.e. age, institutional behavior) may permit Urso to submit a Request for Reconsideration of a Public Safety Factor Waiver in the future.

*Conclusion*

Based on the foregoing, the Petition for writ of habeas corpus is denied pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 S/Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

March 7, 2013

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.