UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY URSO, ) | CASE NO. 4:12 CV1261 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | |
| ROBERT FARLEY, ) | |
| ) | |
| Respondent. ) | |

On March 7, 2013, this Court denied *pro se* Petitioner Anthony Urso's above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Now before the Court is Urso's Motion Requesting Reconsideration of the Court's decision to dismiss the petition. For the reasons stated below, the Motion is denied.

*Standard of Review*

In the Sixth Circuit, any motion for reconsideration is construed as a Motion to Alter or Amend Judgment pursuant to Federal Civil Rule 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). As such, Urso was required to file his motion within 28 days from the March 7, 2013 judgment date he seeks to alter. FED. R. CIV. P. 59(e). Because he is a prisoner, the Court looks to the date on which he surrendered the document to prison officials. *See e.g. Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir.1989)(remonstrances to Report and Recommendation deemed punctually submitted if mailed by pro se convict within filing period), *cert. denied*, 493 U.S. 1059 (1990); *see Dunn v. State of Ohio*, No. 93-3434, 1994 WL 677693 (6th

Cir. Dec. 2, 1994)(Rule 59(e) motion for reconsideration surrendered by a pro se inmate to prison authorities within the filing period shall be construed as timely filed)(citing *Smith v. Evans*, 853 F.2d 155, 161 (3d Cir.1988)). Although Petitioner does not aver on what date he surrendered his motion to prison staff at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), the motion was timely filed within 28 days from this Court's judgment.

*Motion to Alter or Amend Judgment*
*Federal Civil Rule 59(e)*

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Rule 59(e) may not be used by a party to simply relitigate issues already decided or matters that could have been raised earlier. *See Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010)("plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued'")(quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Urso contends the Court misunderstood the basis upon which he filed his petition pursuant to 28 U.S.C. §2241. Citing *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), he asserts the Bureau of Prisons (BOP) is relying on inaccurate information contained in his Presentence Investigation Report (PSI) to determine his prison classification. He concludes,"[i]n other words, Mr. Urso is making a Privacy Act claim." (Mot. Recon. at 2.)

In his original petition, Urso sought relief pursuant to §2241 because he argued the BOP was improperly classifying him based on inaccurate information in his PSR. A writ may be

-2-

granted pursuant to §2241 if a prisoner is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. §2241(c)(3). When this Court addressed the merits of Urso's claim, however, it concluded that he had no Constitutional or statutory right to be assigned a particular classification in prison. To now claim this Court misconstrued a Privacy Act claim as a habeas corpus petition does not establish a basis upon which this Court should alter or amend its March 7, 2013 Memorandum of Opinion.

Even if a Privacy Act claim were imbedded in Urso's original petition, it would have failed on the merits. It is settled law that inmate records maintained by the BOP, including presentence reports, are exempt from the Privacy Act's accuracy and amendment requirements. *See* 5 U.S.C. § 552a(j) (authorizing agencies to make exemptions); 28 C.F.R. § 16.97 (listing BOP exemptions). The BOP has explicitly exempted from the Privacy Act the Inmate Central Record System that maintains the Plaintiff's PSR. *See* 28 C.F.R. § 16.97(a)(4). Therefore, the BOP is not obligated to correct Urso's PSR. *See White v. U.S. Probation Office*, 148 F.3d 1124, 1125 (D.C.Cir.1998) (plaintiff inmate barred from seeking amendment of his presentence report); *Jeter v. Fed. Bureau of Prisons*, 841 F. Supp. 2d 214, 216 (D.D.C. 2012)(BOP has exempted certain record systems from the Privacy Act).

Based on the foregoing, the Motion for Reconsideration is denied. (Doc. No. 6). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        */s/Dan Aaron Polster 9/19/13*
        DAN AARON POLSTER
        UNITED STATES DISTRICT JUDGE